ORIGINAL
FILED

07 JUL 30 AM 11:07

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

MARIA RUTENBURG (CSB #250186)
930 Far Creek Way,
Redwood City, CA 94062
Telephone: (650) 743-4915
Facsimile: (775) 258-2939

Attorney for Petitioners
Arkadiy Fuksman
Sabina Agranova

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Arkadiy Fuksman,
Sabina Agranova,

Petitioners

v.

DAVID STILL, District Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services, San Francisco District; EMILIO T. GONZALEZ, Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services; MICHAEL CHERTOFF, U.S. Secretary of Homeland Security; ROBERT MUELLER, III, Director of the Federal Bureau of Investigation,

Respondents.

Case No.: C07 03877 RMW RS

PETITION FOR HEARING ON NATURALIZATION PURSUANT TO 8 U.S.C. §1447(B) AND COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

1

PETITION FOR HEARING ON NATURALIZATION PURSUANT TO 8 U.S.C. §1447(B)
AND COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

## PETITION FOR HEARING ON NATURALIZATION PURSUANT TO 8 U.S.C. §1447(B) AND COMPLAINT FOR DECLARATORY MANDAMUS AND INJUNCTIVE RELIEF

1. Petitioners Arkadiy Fuksman and Sabina Agranova, husband and wife, respectfully submit this petition for de novo determination by this Court of their Applications for Naturalization, pursuant to 8 U.S.C. §1447 (b), and request that the Court grant a hearing on their pending Applications for Naturalization and grant Application for Naturalization.

2. Arkadiy Fuksman and Sabina Agranova submitted their applications for naturalization approximately four years ago and successfully completed their naturalization interview over 35 months ago. Nonetheless, Respondents, the Director and San Francisco District Director of the Bureau of Citizenship and Immigration Services ("CIS") and the Secretary of Homeland Security, have failed to make any determination on Mr. Fuksman's and Mrs. Agranova's applications for Naturalization.

3. Under 8 U.S.C. §1447 (b), an applicant for naturalization may petition a United States District Court for a hearing on his application if the government fails to make a determination within 120 of naturalization interview. The District Court may grant naturalization pursuant to the statute.[1]

---

[1] Section 1447 (b) provides, in its entirety:" If there is a failure to make a determination under section 1446[governing naturalization] of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."

2
PETITION FOR HEARING ON NATURALIZATION PURSUANT TO 8 U.S.C. §1447(B)
AND COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

4. Because Respondents have failed to adjudicate Mr. Fuksman's and Mrs. Agranova's Application for Naturalization for more than 35 months since the interview -- well beyond the 120-day statutory period prescribed in 8 U.S.C. §1447 (b) -- and both Mr. Fuksman and Mrs. Agranova meet all statutory criteria for naturalization, this Court should hold a hearing on the Application for Naturalization and grant it.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 8 U.S.C. §1447 (b) (district court jurisdiction to adjudicate delayed naturalization applications), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §§ 2201 and 2202 (declaratory relief).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (e). Mr. Fuksman and Mrs. Agranova sue the Respondents in their official capacities as officers and employees of the United States. A substantial portion of the events giving rise to this Petition occurred in San Jose, California, where Mr. Fuksman's and Mrs. Agranova's Application for Naturalization has been and is pending before the San Francisco District of the CIS and its San Jose sub-office. In addition, venue is proper in this District pursuant to 8 U.S.C. §1447 (b), which provides that a petition for de novo review of a naturalization application shall be filed in the district in which the applicant resides. Mr. Fuksman and Mrs. Agranova reside in Mountain View, Santa Clara County, California.

## PARTIES

7. Petitioner Mr. Fuksman and Mrs. Agranova are citizens of Russia and lawful permanent residents of the United States. Mr. Fuksman and Mrs. Agranova reside in Mountain View, California within the jurisdiction of this Court.

8. Respondent David Still is the District Director for the San Francisco District of the Bureau of Citizenship and Immigration Services ("CIS"), U.S. Department of Homeland Security. Mr. Still is responsible for applications for naturalization pending in the San Francisco District. Mr. Still is sued in his official capacity.

9. Respondent Emilio T. Gonzalez is the Director of the CIS. Mr. Gonzalez is responsible for the processing and determination of all applications for naturalization submitted to the CIS. He is sued in his official capacity.

10. Respondent Michael Chertoff is the U.S. Secretary of Homeland Security, which encompasses CIS. Mr. Chertoff is ultimately responsible for the administration of all immigration and naturalization laws including processing and determination of applications for naturalization. He is sued in his official capacity.

11. Petitioner Fuksman was born in the former Soviet Union (now Russian Federation) on July 2, 1938. Petitioner Agranova was born in the former Soviet Union on January 28, 1941. They came to the United States on December 5, 1998 on a refugee status. Mr. Fuksman and Mrs. Agranova have lived in the United States ever since.

12. Petitioner Fuksman has worked continuously full-time since October 1999 until June 2003 when he turned 65. In 2000 his last employer Securitas went out of business and Mr. Fuksman lost his job. Unable to find any other employment at the age of 65, Mr. Fuksman has retired in 2003.

---

4

PETITION FOR HEARING ON NATURALIZATION PURSUANT TO 8 U.S.C. §1447(B)
AND COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

13. Petitioner Agranova has been working continuously since October 1999 as a San Jose Library page.

14. Mr. Fuksman and Mrs. Agranova have been lawful permanent residents since December 5, 1998 (See Exhibits 1 and 2).

15. In December 2003 Mr. Fuksman and Mrs. Agranova became eligible for naturalization. They have submitted the Applications for Naturalization (Form N-400) to the Laguna Niguel California Service Center of US Immigration and Naturalization Service (INS) and received Notice of Action confirming their application on January 10, 2003 (See Exhibits 3 and 4).

16. On February 11, 2004 Mr. Fuksman and Mrs. Agranova were fingerprinted as requested by INS.

17. On or about July 2004 USCIS (successor to the INS) sent Mr. Fuksman and Mrs. Agranova a Notice of Action, which requested that each of them appears for his/her naturalization interview before a USCIS officer on August 10, 2004. On August 10, 2004 Mr. Fuksman was administered the standard test of English and U.S. history and government and was given a written letter stating that his application was recommended for approval pending completion of FBI name check. (See "Naturalization Interview Results", Exhibit 5).

18. Similarly, On August 10, 2004 Mrs. Agranova was administered the standard test of English and U.S. history and government and was given a written letter stating that her application was recommended for approval pending completion of FBI name check.

PETITION FOR HEARING ON NATURALIZATION PURSUANT TO 8 U.S.C. §1447(B)
AND COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

19. After almost a year of waiting, in May 2005, Mr. Fuksman and Mrs. Agranova have personally visited the San Jose sub-office of the San Francisco District Office of CIS to inquire about the status of their naturalization applications. They were verbally informed that the applications are pending until USCIS receives the results of the name checks from FBI. No further information was available at that time.

20. On May 30, 2005 Mr. Fuksman and Mrs. Agranova have sent an email to the FBI's customer service address to inquire about the status of their name check. They have never received an answer.

21. In August 2005, Mr. Fuksman and Mrs. Agranova have requested the assistance of the Honorable Anna Eshoo, a member of the U.S. House of Representatives, 14th District of California. On August 27, 2005 Hon. Anna Eschoo had informed petitioners that the name check is still under active review. (See "Anna Eschoo's letter of August 27, 2005," Exhibit 6.)

22. Due to the repeated requests, Hon Anna Eschoo had been following the progress of the case and has been sending letters to the Petitioners that the name check is pending. Petitioners had received a total of six letters from her. The last letter from Hon. Eschoo was sent on May 15, 2007 informing petitioners that the FBI responded to her inquiries letting her know that the name check was still under active review. (See "Anna Eschoo's letters," Exhibit 7).

23. On September 14, 2005 Mr. Fuksman and Mrs. Agranova had a second set of fingerprints taken pursuant to the referral notice they received on September 9, 2005. (See "Fingerprint Referral Notice," Exhibits 8 and 9).

PETITION FOR HEARING ON NATURALIZATION PURSUANT TO 8 U.S.C. §1447(B)
AND COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

24. On November 28, 2005 Mr. Fuksman received a Notice of Planned Action from the Social Security Administration. The note informed him that his SSI would stop on January 1, 2006 because he failed to obtain U.S. citizenship within 7 years of being admitted as refugee according to the Immigration and Nationality Act §207.[2] (See Exhibit 10.)

25. On or about August 2006, Mr. Fuksman and Mrs. Agranova have sent another letter to the FBI office requesting the status of their name check. They have never received any response.

26. On or about August 2006, Mr. Fuksman and Mrs. Agranova sent a letter to the San Francisco District office of the USCIS requesting the status of their naturalization applications and informing USCIS that Mr. Fuksman's SSI was terminated because of the naturalization delay and asking USCIS to make a decision on their applications. Neither Mr. Fuksman nor Mrs. Agranova received any response from the USCIS.

27. To date, CIS has failed to make any determination of Mr. Fuksman's and Mrs. Agranova's applications for naturalization, despite the passage of almost three years since their August 10, 2004 interviews. Respondents' delay is unreasonable and violates Respondent's statutory and regulatory duties. See 8 C.F.R. § 335.5 (a) ("A decision to grant or deny the application [for naturalization] shall be made at the time

---

[2] To replace his lost SSI income, Mr. Fuksman has applied and received cash assistance program for immigrants in December 2005. It is a temporary grant administered by the Human Services Department to compensate for the absence of other more permanent source of income. In essence, it is a welfare type assistance that is qualitatively different from the SSI.

PETITION FOR HEARING ON NATURALIZATION PURSUANT TO 8 U.S.C. §1447(B)
AND COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

of the initial examination or within 120 days after the date of the initial examination of the application for naturalization under § 335.5 (b) ("With due regard for the convenience and necessity of the parties or their representatives and within reasonable time, each agency shall proceed to conclude a matter presented to it.")

28. Mr. Fuksman and Mrs. Agranova met all statutory requirements for naturalization. First, immediately preceding the date of filing of their naturalization applications, they had resided continuously in California in San Mateo and Santa Clara Counties, for over 5 years.

29. Second, from the date of filing their naturalization application on or about January 2004 to date, Mr. Fuksman and Mrs. Agranova have maintained continuous residence in the United States for what is now a period of over 3.5 years. *See* 8 C.F.R. §§ 1427 (a)(2), (b).

30. Third, both Mr. Fuksman and Mrs. Agranova are people of outstanding moral character. Mr. Fuksman had been working for as long as he could until his forced retirement at the age of 65. Shortly after her arrival to the US, Mrs. Agranova volunteered as an office clerk at Jewish Family Services in Los Gatos until she found a paying employment at the San Jose Library in 1999 and at Palo Alto library in 1999. In 2002, she had a work related injury. She had to have a surgery in 2003. As a result of her injury, she became partially disabled. Yet, Mrs. Agranova continues to work as a library page in spite of her disability.

31. Finally, Mr. Fuksman and Mrs. Agranova have met the civics and English language requirements prescribed by 8 C.F.R. § 1423.

PETITION FOR HEARING ON NATURALIZATION PURSUANT TO 8 U.S.C. §1447(B)
AND COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

32. Mrs. Agranova and Mr. Fuksman have suffered and continue to suffer prejudice from the Respondents' undue and unreasonable delay in processing their naturalization applications. Mr. Fuksman has lost his SSI subsidy on January 1, 2006 solely because of the naturalization delay. SSI was his major source of income and is qualitatively different from welfare-type assistance to immigrants cash grant that he is receiving now on a temporary basis. Also, Mr. Fuksman is very actively involved in political life of this country, taking part in demonstrations, debates and meeting that are of concern to the Jewish community. His inability to fully participate in a democratic process of the US is a concern for him.

33. Mrs. Agranova is 66 years of age. But for her naturalization delay, she would have been eligible to receive SSI supplemental income now. Being partially disabled, Mrs. Agranova would like to avail herself of the SSI supplemental income and reduce her work hours. Yet, such option is foreclosed to her solely because of the naturalization delay.

## CAUSE OF ACTION

## COUNT ONE

## RIGHT TO DE NOVO JUDICIAL DETERMINATION OF APPLICATION FOR NATURALIZATION

## 8 U.S.C. §1447 (B)

34. The allegations contained in paragraphs 1 through 33 above are repeated and incorporated as though fully set forth herein.

35. Because Respondents have failed to adjudicate Mr. Fuksman's and Mrs. Agranova's applications for naturalization within 120 days after the date of their naturalization

PETITION FOR HEARING ON NATURALIZATION PURSUANT TO 8 U.S.C. §1447(B) AND COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF

examination, they are entitled to de novo adjudication of their naturalization application by this Court under 8 U.S.C. § 1447 (B).

36. This Court should grant Mr. Fuksman's and Mrs. Agranova's naturalization applications pursuant to 8 U.S.C. § 1447 (B), because they meet all the statutory requirements for naturalization under Chapter 2 of the Immigration and Nationality Act 8 U.S.C. § 1447 et seq., and therefore have a right to become naturalized citizens of the United States.

### PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Petitioners pray for the following relief:

a. That this Court (1) enter an order granting Petitioners' naturalization application pursuant to 8 U.S.C. § 1447 (B); (2) administer the oath of naturalization to Petitioners; and (3) enter an order enjoining Respondents to take all necessary administrative action to effectuate the Court's order of naturalization, including but not limited to issuance of appropriate documents in proof of U.S. Citizenship;

b. In the alternative to the relief requested in paragraph (a) above, that this Court issue an order directing Respondents to adjudicate Petitioner's naturalization application and issue an appealable administrative decision within 14 days of the Court's order;

c. That this Court issue an order declaring that Respondents delay in adjudicating Petitioners' Applications for naturalization has been unreasonable and in violation of Respondents' obligations under Immigration and Nationality Act and implementing regulation, including 8 C.F.R. § 335.3 (a).

d. That this Court award Petitioners reasonable attorney's fees under the Equal Access to Justice Act; and

e. That this Court award such other relief at law and in equity as justice may require.

Dated: July 24, 2007

Respectfully submitted,

By: _____
MARIA RUTENBURG

Attorney for Petitioners
Arkadiy Mr. Fuksman,
Sabina Mrs. Agranova

---

11

PETITION FOR HEARING ON NATURALIZATION PURSUANT TO 8 U.S.C. §1447(B)
AND COMPLAINT FOR MANDAMUS, DECLARATORY AND INJUNCTIVE RELIEF